# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
## NEW ALBANY DIVISION

| | |
|---|---|
| CINDY HASKELL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO: 4:21-cv-76 |
| | ) |
| SWITZERLAND COUNTY SCHOOL CORPORATION, | ) |
| | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT AND DEMAND FOR JURY TRIAL

1. Comes now the Plaintiff, Cindy Haskell ("Plaintiff"), by undersigned counsel, and hereby files this lawsuit against the Defendant, Switzerland County School Corporation "Defendant" under the Americans with Disabilities Act Amendment Act ("ADA"), 42 U.S.C. § 12101 *et seq.*, the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.*, and the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 *et seq.*

## PARTIES

2. Plaintiff has resided within the Southern District of Indiana at all relevant times.

3. Defendant, Switzerland County School Corporation, is a school corporation that operates and conducts business in the Southern District of Indiana.

## JURISDICTION AND VENUE

4. Jurisdiction is conferred on this Court by 28 U.S.C. § 1331, § 1343, 29 U.S.C. § 2617(a)(2), 42 U.S.C. § 12117, and 29 U.S.C. § 626(c).

5. Plaintiff was an "employee" within the meaning of 42 U.S.C. § 12111(4), 29 U.S.C. § 2611(2)(A), and 29 U.S.C. § 630(f).

6. Defendant is an "employer" within the meaning of 42 U.S.C. § 12111(5), 29 U.S.C. § 630(b), and 29 U.S.C. § 2611(4)(A).

7. Plaintiff satisfied her obligation to exhaust her administrative remedies, having timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission. Plaintiff received her "Dismissal and Notice of Rights" on said Charge and now timely files this lawsuit within ninety (90) days after receipt of said Notice.

8. Between January 29, 2020, and February 12, 2020, Plaintiff was an "eligible employee" as that term is defined by the FMLA.

9. Plaintiff had a "serious health condition" in 2020 as that term is defined by the FMLA.

10. Since January of 2019, Defendant has employed 50 or more employees within a 75-mile radius of the facility at which Plaintiff worked.

11. Plaintiff worked 1,250 or more hours in the 12-month period proceeding January 29, 2020.

12. All of the events, transactions and occurrences pertinent to this lawsuit occurred within the geographical environs of the Southern District of Indiana and all parties are located therein. Therefore, venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## FACTUAL ALLEGATIONS

13. Plaintiff is Fifty-Five (55) years of age.

14. Defendant hired Plaintiff in or about September of 1987. With the exception of two short periods of time when Plaintiff left Defendant's employment to work elsewhere, she worked for Defendant until the time of her unlawful termination on February 12, 2020. At the time of her termination, Plaintiff held the position of Deputy Treasurer.

15. Plaintiff's work performance met or exceeded the Defendant's legitimate expectations at all relevant times.

16. Plaintiff suffers from Depression, and Anxiety. Her impairments substantially limit one or more major life activities, including, but not limited to, sleep, exercise, housework, and recreational activities.

17. Plaintiff is a qualified individual with a disability, and/or has a record of disability, and/or is regarded by Defendant as disabled. She had approved continuous FMLA leave for her own serious health condition for the period of January 30, 2020, until February 14, 2020.

18. Despite Plaintiff's experience and long tenure with Defendant, in late 2019, Plaintiff was passed up for a promotion to Treasurer and was not even given the opportunity to apply for the position. Instead, the Treasurer position was given to a substantially younger and less experienced co-worker, Patrica Kappes, ("Kappes').

19. In January of 2020, Plaintiff's symptoms associated with her disability were exacerbated, requiring her to seek treatment from her physician. At all relevant times, Defendant was aware of Plaintiff's disability. Plaintiff's physician recommended that Plaintiff take time off of work to help in the management of her disability. As such, Plaintiff requested FMLA qualifying leave from Defendant. The request for time off of work constitutes a request for a reasonable accommodation under the ADA and is statutorily protected conduct.

20. While out on FMLA leave, Defendant's Superintendent, Rod Hite, ("Hite") told Plaintiff that her absence from work, although approved FMLA leave necessary for the management of her disability, "is not acceptable." Three days into Plaintiff being out on FMLA qualifying leave, Hite phoned Plaintiff and told her, "This is a bad time for you to be gone."

21. Due to the stress placed on her by Hite, Plaintiff felt compelled to return to work prior to the expiration of her FMLA leave period or risk losing her job. Upon her return to work on February 12, 2020, Hite fired Plaintiff, allegedly due to a payroll error. The payroll error at issue had to be reviewed and approved by Kappes as well, yet Kappes' employment was not terminated.

22. Defendant treated Plaintiff's similarly situated co-workers who are substantially younger than Plaintiff, and/or who have not engaged in protected conduct, and/or are not disabled, regarded as disabled, or have a record of disability, and/or have not requested and/or taken FMLA qualifying leave more favorably than it treated Plaintiff.

23. Plaintiff has been damaged by Defendant's unlawful conduct.

## COUNT I

## AGE DISCRIMINATION UNDER ADEA

24. Plaintiff hereby incorporates paragraphs 1-23 of her Complaint.

25. Defendant has accorded more favorable treatment to similarly-situated employees who are substantially younger than Plaintiff.

26. Defendant took adverse employment actions against Plaintiff due to her age.

27. Defendant's actions were intentional, willful, and done in reckless disregard of Plaintiff's rights as protected by the ADEA.

28. Plaintiff has been and continues to be harmed as a result of Defendant's unlawful actions.

## COUNT II

## DISABILITY DISCRIMINATION – ADA

29. Plaintiff hereby incorporates paragraphs 1-28 of her Complaint.

30. Plaintiff requested reasonable accommodations in the form of FMLA leave.

31. Defendant took adverse employment actions against Plaintiff based on her disability, record of a disability, and/or a perception of her being disabled.

32. Defendant's unlawful actions were intentional, willful, and done in reckless disregard of Plaintiff's rights as protected by the ADA.

33. Plaintiff has been and continues to be harmed as a result of Defendant's unlawful actions.

## COUNT III

## DISABILITY RETALIATION – ADA

34. Plaintiff hereby incorporates paragraphs 1-33 of her Complaint.

35. Plaintiff requested reasonable accommodations in the form of FMLA leave. Plaintiff's request for a reasonable accommodation constitutes protected conduct under the ADA.

36. Defendant took adverse employment actions against Plaintiff in retaliation for her engagement in protected conduct.

37. Defendant's unlawful actions were intentional, willful, and done in reckless disregard of Plaintiff's rights as protected by the ADA.

38. Plaintiff has been and continues to be harmed as a result of Defendant's unlawful actions.

## COUNT IV

## VIOLATIONS OF THE FMLA

39. Plaintiff hereby incorporates paragraphs 1-38 of her Complaint.

40. Defendant violated the FMLA by interfering with Plaintiff's substantive FMLA rights and/or terminating her in retaliation for requesting and using FMLA-qualifying leave.

41. Defendant's unlawful actions were intentional, willful, and done in reckless disregard of Plaintiff's rights under the FMLA.

42. Plaintiff has been and continues to be harmed as a result of Defendant's unlawful actions.

## REQUESTED RELIEF

WHEREFORE, Plaintiff, Cindy Haskell, respectfully requests that this Court find for her and order that:

1. Defendant reinstate Plaintiff to the same position, salary, and seniority, or pay front pay and benefits to her in lieu thereof;

2. Defendant pay lost wages and benefits to Plaintiff;

3. Defendant pay compensatory damages to Plaintiff;

4. Defendant pay liquidated damages to Plaintiff;

5. Defendant pay pre- and post-judgment interest to Plaintiff;

6. Defendant pays Plaintiff's attorneys' fees and costs incurred in this action; and

7. Defendant pays to Plaintiff any and all other legal and/or equitable damages that this Court determines just and proper to grant.

Respectfully submitted,

John H. Haskin, Attorney No. 7576-49
Natalie R. Dickey, Attorney No. 25294-41
JOHN H. HASKIN & ASSOCIATES
255 North Alabama Street, 2nd Floor
Indianapolis, Indiana  46204
Telephone:   (317)955-9500
Facsimile:   (317)955-2570
Email: jhaskin@jhaskinlaw.com
Email: ndickey@jhaskinlaw.com

## **DEMAND FOR JURY TRIAL**

Plaintiff, Cindy Haskell, respectfully requests a jury trial for all issues deemed triable.

    John H. Haskin, Attorney No. 7576-49
Natalie R. Dickey, Attorney No. 25294-41
JOHN H. HASKIN & ASSOCIATES
255 North Alabama Street, 2nd Floor
Indianapolis, Indiana  46204
Telephone:    (317)955-9500
Facsimile:     (317)955-2570
Email: jhaskin@jhaskinlaw.com
Email: ndickey@jhaskinlaw.com